INHABITANTS OF BRIDGTON *versus* PARKER LAKIN and
FRED. A. LAKIN, *Trustee.*

By c. 106, § 2, of the Public Laws of 1862, personal property to the amount
of one thousand dollars  *  *  in addition to that already exempted by
law, shall be exempt from attachment, or seizure upon execution, from and
after the time a volunteer shall enlist in the service of the United States,
and during his term of service, to be designated by the debtor, or his agent
or attorney.

If the personal property of a debtor exceed one thousand dollars in value, he
must designate what shall be exempted.

If it be less, there is no occasion for his making any designation.

Bounty money of a volunteer, in the hands of a person summoned as trustee,
cannot be attached by trustee process, when the principal debtor's personal
property is less than a thousand dollars.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.
The facts sufficiently appear in the opinion.

*N. S. & F. J. Littlefield,* for the plaintiffs.

*A. A. Strout,* for the trustee.

APPLETON, C. J. — The alleged trustee sets forth in his
disclosure that the principal debtor enlisted as a volunteer
in the army of the United States, and continued therein;
that the sum of $275, being the money deposited, was the
bounty received on such enlistment; that said debtor had no
other personal property; and that, after the service of the
writ in the present suit, he designated this amount to be
exempt from attachment and seizure on execution.

Upon a disclosure of these facts, the presiding Justice
charged the supposed trustee, to which ruling exceptions
were duly filed and allowed.

It is provided by an Act approved March 15, 1862, c. 106,
§ 2, that "personal property to the amount of one thousand
dollars, other than that held in partnership, * * in ad-
dition to that already exempted by law, shall be exempt
from attachment, or seizure upon execution, from and after

the time such volunteer shall enlist in the service aforesaid, and during his term of service, to be designated by the debtor or his agent or attorney."

The object of the Legislature was to protect the property of the volunteer in the service of the United States, from attachment on the writ or seizure and sale on execution. One thousand dollars is thus exempt. If there be personal property exceeding this sum in value, it is for the debtor to "designate" what shall be exempted. If there be less than this amount belonging to the debtor, there is no occasion for his making any designation. It will be exempt by force of the statute. *Everett* v. *Herrin*, 46 Maine, 357.

Personal property, exempted from execution by statute, is not liable to attachment by the trustee process. If turned out to the officer having an execution against the principal debtor, such officer would not be justified in appropriating it to the discharge of the same. *Staniels* v. *Raymond*, 4 Cush., 314. *Exceptions sustained.*

*Trustee discharged.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.